UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Novice Sloane
611 E Comly
Philadelphia, PA 19120

Civil Action No.:

v.

Rachel Black
4131 Main Street
Philadelphia, PA 19127-2126
Or
Three South Penn Square
Philadelphia, PA 19107

## COMPLAINT

## INTRODUCTION

1. This is an action for monetary damages brought under Federal law and the United States Constitution for the malicious prosecution of Plaintiff against Defendant which caused the permanent injuries to the Plaintiff while the Defendant was acting under color of law to violate the individual rights of the Plaintiff under the 4th and/or 14th amendment of the United States Constitution and in violation of his civil rights under 42 USC § 1983.

2. Plaintiff, Novice Sloane, at all times relevant to this Complaint, is and was a resident of the City of Philadelphia and Commonwealth of Pennsylvania.

3. Defendant, Rachel Black, at all times pertinent to this Complaint, was employed by the City of Philadelphia and the Philadelphia District Attorney's Office, acting under color of state law pursuant to official policy, custom or practice of the Philadelphia District Attorney's Office

and/or the City of Philadelphia and is being sued in her individual and official capacities for her investigative functions.

4. This case arises out of the wrongful and false arrest and the malicious prosecution of the Plaintiff Novice Sloan, and his malicious prosecution by the Defendant Rachel Black.

## JURISDICTION AND VENUE

5. Jurisdiction exists in this court pursuant to 28 USC § 1331 and 1343 as this action is brought under the Fourth Amendment to the United States Constitution and 42 § 1983 to redress the deprivation of rights, privileges and immunities granted upon Plaintiff by the constitutional and statutory provisions.

6. Venue is proper in this court because all causes of action occurred within the Eastern District of Pennsylvania.

7. Sloane was, at the time, a Philadelphia Police Officer, and a woman made an allegation against him that he committed a rape against her.

8. Since it is irrelevant to the pleadings of this case – that woman's name will be kept out of this Complaint.

9. Charges were filed against the Plaintiff which included Rape by Forcible Compulsion, Sexual Assault, Indecent Assault without Consent and Simple Assault.

10. Initially, the theory proffered by the Defendant in this case was that the Plaintiff committed a violent, physically forced rape against the purported victim.

11. Defendant Black was, at the time, a member of a special unit of the District Attorneys Office which prosecuted Police Officers.

12. At a preliminary hearing on January 16, 2020 evidence was presented at a Preliminary Hearing with regard to these charges – and they were dismissed for a lack of evidence.

13. The primary reason for the dismissal was that a video of the purported sexual assault/ rape existed.

14. The video depicted a consensual sexual encounter and not a sexual assault/ rape, a fact which was clear in court and to the Judge who dismissed the charges.

15. Undeterred, the Defendant Rachel Black then concocted a theory that as opposed to a forcible sexual assault/ rape, the Plaintiff gave some drugs to the purported victim and committed a "date rape".

16. Defendant Black performed all acts in her individual capacity and in her investigatory capacity – not in her charging capacity – for which damages are sought in this case.

17. Defendant Rachel Black selected a lab called "ExpertTox" in Texas, in conjunction with a local lab – Defendant Arcpoint – which purported to perform some type of "hair follicle testing" on a hair from the purported victim – months after the incident in which this assault purportedly occurred – that would somehow establish that a "date rape" occurred.

18. This despite the fact that there was a video of the incident which clearly did not depict a "date rape".

19. At this time, the Defendant had actual knowledge that a "date rape" did not occur – as they had a video of the incident.

20. Nonetheless, the Defendant re-filed criminal charges against the Plaintiff asserting this clearly false theory that the Plaintiff committed a "dated rape."

21. In furtherance of this clearly false theory of a made-up crime Rachel Black then utilized a lab (ExperTox, ArcPoint, and Lykissa) to perform "investigation" into this purported "date rape."

22.     This investigation was performed at the direction of or in conjunction with Rachel Black in her individual capacity.

23.     The original lab results had been obtained in October of 2019 and Defendant Rachel Black relied upon these old results in re-filing these clearly false "date rape" charges.

24.     The original report interpreted a hair follicle of the purported victim that "these amounts of THC and lidocaine detected constitute evidence of potential combined enhanced pharmacological effect to her ability to control her mental and physical faculties. If these drugs were administered to her without her consent, then that could constitute a drug facilitated assault by the perpetrator"

25.     The original reported indicated that the results were "for CLINICAL USE ONLY, NOT FOR FORENSIC PURPOSES."

26.     The toxicologist, Defendant Lykissa told Defendant Black that "I do not want to testify in this case. I cannot offer your anything scientifically valid" and to "please read the caveat I bolded for you . . . Results are for CLINICAL USE ONLY NOT FORE FORENSIC PURPOSES."

27.     At some point thereafter, Defendant Rachel Black requested a "forensic report" from Lykissa and ExperTox.

28.     This report was produced to Defendant Black after the above referenced conversation between Lykissa and Defendant Black in which Black was notified that Lykissa "cannot offer you anything scientifically valid."

29.     This subsequent report – purportedly for the purposes of court testimony was identical to the "Clinical Use Report" referenced above – but simply removed that language to make it now admissible in court – or for "forensic purposes."

30. The reports were identical and the Defendant Black had actual knowledge from her conversation with Defendant Lykissa that the report was not scientifically valid.

31. The re-filed case then proceeded through the Court process before, on November 19, 2020 the charges were dismissed against the Plaintiff.

32. It is alleged and therefore averred that the above information and the actual information provided to the Court in connection with the re-filed criminal charges both of which allegedly establishes the legal justification for the arrest of Plaintiff for the crimes set forth above, is legally insufficient to justify the arrest and same was done without cause.

33. Defendant knew this information was legally insufficient to establish proper justification and cause to effectual a legal and proper arrest against Plaintiff for the crimes with which he was charged.

34. Despite the actual evidence known by Defendant, (i.e. that the information used to purportedly substantiate the "date rape" charge was not forensically verifiable, and that the expert who authored the report "would not testify to the report" in Court, Defendant re-filed – and continued to pursue the "date rape" charges against the Plaintiff from the date they were re-filed until the date they were dismissed, November 19, 2020.

35. Instead of never re-filing the charges, or dismissing them promptly – despite actual knowledge obtained from their investigation that the "date rape" theory was not legally or scientifically valid – (from both the video, the reports, and the conversations with Lykissa) – the Defendant Rachel Black continued to request continuances prior to any hearing.

36. Defendant Black never provided the Plaintiff or his attorney any toxicological report – certainly not the original toxicological report which indicated that it was "NOT FOR FORENSIC PURPOSES".

37. Defendant Black never provided the Plaintiff or his attorney the information that the results of the toxicological studies upon which the charges were based would not be able to be testified to in Court, and that the toxicologist did not believe the results were scientifically reliable.

38. These toxicological results – and the discussions with Lykissa were obtained in connection with the investigative powers of Defendant Rachel Black.

39. Further, Lykissa was not licensed by the Texas Forensic Science Commission at the time any of these reports were issued a fact which the Defendant had actual knowledge of.

40. In fact, not a single one of ExperTox's analysis were licensed by the Commission at the time these reports were issued, or when the Defendant Rachel Black retained ExperTox, Arcpoint, and/or Lykissa in connection with their investigation into the criminal charges against the Plaintiff.

41. It is alleged and therefore averred that this information (that Lykissa did not believe the tests or the results of the toxicology to be scientifically verifiable and that he would not testify to the results in Court) was exculpatory evidence that supported the fact that Plaintiff did not commit a sexual assault or rape of any kind.

42. As a result of the aforementioned false arrest, malicious prosecution, negligence, and liability producing conduct, Plaintiff Novice Sloan has suffered both mentally and physically, including but not limited to: post traumatic anxiety and depression, severe damages to his nerves and nervous system, damage to his reputation, loss of his job, and various other ills and injuries which the Plaintiff yet suffers, and may continue to suffer for an indefinite period of time into the future.

43. As a further result of the aforesaid accident, Plaintiff, Novice Sloan, has suffered or may suffer a severe loss of his earnings and impairment of his earning capacity and power, all of which may continue indefinitely into the future.

44. As a further result of the aforesaid accident, the Plaintiff, Novice Sloan, has suffered severe physical pain and trauma, mental upset and anguish and humiliation and may continue to suffer the same for an indefinite time into the future.

45. As a further result of the aforesaid accident, the Plaintiff, Novice Sloan has suffered a diminution of his ability to enjoy life and life's pleasures, all of which may continue indefinitely into the future.

## COUNT I
## 42 § U.S.C. 1983 MALICIOUS PROSECUTION
## NOVICE SLOAN V. RACHEL BLACK INDIVIDUALLY AND IN HER OFFICIAL CAPACITY

46. Plaintiff Rachel Black incorporates by reference each and every allegation set forth in the preceding paragraphs as if set forth herein at length.

47. By the conduct set forth above, Defendant intentionally and recklessly caused criminal prosecutions to be initiated against Plaintiff with malice and/or without probable cause.

48. The Defendant knew there was no probable cause when the charges were instituted and continued to advance them even after being told that that the toxicologist "did not want to testify in Court and could not offer anything scientifically valid."

49. Plaintiff was arrested and imprisoned and had to endure several court proceedings before the it became clear that the Defendant and the Philadelphia District Attorney's Office could not prosecute the case as there was no evidence of a crime which was committed. Defendant acted with malice and furthered the prosecution of the Plaintiff by providing false information, and/or withholding truthful information and exculpatory evidence – in particular the evidence that Black

was informed that the toxicologist "did not want to testify in Court and could not offer anything scientifically valid", all of which, if known and/or stated truthfully, and/or disclosed, would have resulted in no prosecution of Plaintiff.

50. The criminal charges against Plaintiff were terminated in his favor.

51. As a direct and proximate result of the aforementioned conduct, Plaintiff suffered physical injury and pain, and continue to suffer emotional distress, humiliation, mental pain and anguish as well as economic and other losses as set forth above.

52. As a result of the criminal charges filed against the Plaintiff he suffered severe personal harm, restraint on his liberty, severe embarrassment, loss of standing in his community, legal costs and other damages in violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution.

53. These actions and failures were the proximate cause of the injuries and constitutional violations suffered by the Plaintiff.

WHEREFORE, Plaintiff Novice Sloan demands judgment against the Defendant Rachel Black in an amount in excess of amount in excess of One Hundred and Fifty Thousand ($150,000.00) Dollars in compensatory damages and punitive damages, attorney's fees, costs and such other further relief the court shall deem appropriate.

### COUNT II
### 42 § U.S.C. 1983 FALSE ARREST
### NOVICE SLOAN V. RACHEL BLACK INDIVIDUALLY AND IN HER OFFICIAL CAPACITY

54. Plaintiff Rachel Black incorporates by reference each and every allegation set forth in the preceding paragraphs as if set forth herein at length.

55. By the conduct set forth above, Defendant intentionally and recklessly caused the false arrest and detention of the Plaintiff with malice and/or without probable cause.

56. The Defendant knew there was no probable cause when the charges were instituted and continued to advance them even after being told that that the toxicologist "did not want to testify in Court and could not offer anything scientifically valid."

57. Plaintiff was arrested and imprisoned and had to endure several court proceedings before the it became clear that the Defendant and the Philadelphia District Attorney's Office could not prosecute the case as there was no evidence of a crime which was committed.

58. The Plaintiff's arrest and detention was unlawful and illegal.

59. The criminal charges against Plaintiff were terminated in his favor.

60. As a direct and proximate result of the aforementioned conduct, Plaintiff suffered physical injury and pain, and continue to suffer emotional distress, humiliation, mental pain and anguish as well as economic and other losses as set forth above.

61. As a result of the criminal charges filed against the Plaintiff he suffered severe personal harm, restraint on his liberty, severe embarrassment, loss of standing in his community, legal costs and other damages in violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution.

62. These actions and failures were the proximate cause of the injuries and constitutional violations suffered by the Plaintiff.

WHEREFORE, Plaintiff Novice Sloan demands judgment against the Defendant Rachel Black in an amount in excess of amount in excess of One Hundred and Fifty Thousand ($150,000.00) Dollars in compensatory damages and punitive damages, attorney's fees, costs and such other further relief the court shall deem appropriate.

Respectfully submitted,

**STAMPONE OBRIEN DILSHEIMER LAW, PC**

By: _/s/ Kevin O'Brien_
      KEVIN P. O'BRIEN, ESQUIRE
      500 Cottman Avenue
      Cheltenham, PA 19012
      (215)663-0400
      kobrien@stamponelaw.com